UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PETER DURHAM and NOMSA DURHAM,

　　　　Plaintiffs,

vs.

EQUITYEXPERTS.ORG, LLC,

　　　　Defendant.

USDC Case No.:
State Court Case No. 2015-146660-CZ

## NOTICE OF REMOVAL

Defendant, EquityExperts.Org, LLC ("Defendant"), hereby provides notice of removal of this action from the 6th Judicial Circuit Court for the County of Oakland, State of Michigan, to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support of this removal, Defendant states:

1. On April 20, 2015, Plaintiffs Peter Durham and Nomsa Durham ("Plaintiffs") filed the above captioned civil action in the 6th Judicial Circuit Court for the County of Oakland, State of Michigan (Case No.: 2015-146660-CZ)

2. Defendant was served with the Complaint on April 29, 2015. Accordingly, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

3. This matter is a civil action over which this Court has original

jurisdiction under 28 U.S.C. § 1331, and is one which may be properly removed pursuant to 28 U.S.C. §§ 1441 and 1446, as the claims asserted in the Complaint arise under the laws of the United States and raise one or more federal questions.

4. Plaintiffs' complaint asserts violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

5. The district courts of the United States have original jurisdiction in civil actions arising under the FDCPA.

6. Defendant removes this action to the United States District Court for the Eastern District of Michigan because it is the venue that encompasses Pontiac, Michigan. Defendant removes this action without prejudice to Defendant's right to seek transfer of this action pursuant to 28 U.S.C. § 1404, if and as appropriate.

7. True and correct copies of the following are attached to this Notice of Removal:

    (a) all process, pleadings and orders which have been served upon Defendant in this action are contained in this filing in accordance with 28 U.S.C. § 1446(a) and this Court's ECF guidelines; and

    (b) the Notice of Filing of Notice of Removal which has been served upon Plaintiff and filed with the Clerk of Court for the 6th Judicial Circuit Court is attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(d).

8. Based upon the foregoing, this action is removable on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

WHEREFORE, Defendant, EquityExperts.Org, LLC, requests that this action proceed in the United States District Court for the Eastern District of Michigan unless or until remanded by further order of this Court.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
2723 S. State St., Suite 150
Ann Arbor, MI  48104
Tel: (734) 222-5179
Fax: (866) 941-8712

Dated: May 27, 2015         colson@olsonlawpc.com

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby certify that on May 27, 2015, a copy of the foregoing Notice of Removal was filed via the Court's ECF system and served via first class and electronic mail on the following parties:

State of Michigan
6th Judicial Circuit Court
1200 North Telegraph Road
Pontiac, MI 48341

Peter Durham and Nomsa Durham
c/o Gary D. Nitzkin, Esq.
Nitzkin & Associates
22142 West Nine Mile Road,
Southfield, MI 48033

*/s/ Charity A. Olson*
Charity A. Olson

Complaint

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

PETER DURHAM and
NOMSA DURHAM
    Plaintiff,
-vs.-

2015-146660-CZ
JUDGE ANDERSON

**DEMAND FOR JURY TRIAL**

-CK

EQUITYEXPERTS.ORG, LLC,
    Defendant.
_____/
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

## COMPLAINT & JURY DEMAND

Plaintiffs Peter Durham and Nomsa Durham, through counsel, Michigan Consumer Credit Lawyers and Gary Nitzkin state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

Received for Filing Oakland County Clerk 2015 APR 20 PM 02:14

## PARTIES

2. Plaintiffs are natural people residing in the City of Pontiac, Oakland County, Michigan. Mr. and Mrs. Durham are a "consumer" and a "person" as the terms are defined and used in the FDCPA. Plaintiffs are also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

3. The Defendant to this lawsuit is EquityExperts.Org, LLC which is a Michigan corporation that maintains its registered agent in Oakland County, Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Pontiac, Oakland County, Michigan.

5. Venue is proper in the Oakland County Circuit Court in Oakland County, Michigan as the actions and occurrences recited herein occurred in Pontiac, Oakland County, Michigan.

6. The amount in controversy is exceeds twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect residential association fees owed by Plaintiffs to Parks at Stonegate Association.

8. In February 2014, Mr. Durham failed to an association fee payment of $125.00.

9. On or about June 23, 2014, Mrs. Durham received a letter from Defendant attempting to collect this debt. This is the first letter from Defendant to Plaintiff. The letter stated that

Mrs. Durham owed it a balance of $380.00 and in thirty days, the estimated balance would increase to $775.00. Defendant threatened to record a lien on Plaintiff's home and to foreclose upon that lien.

10. Shortly after receiving the above letter, Mr. Durham called Defendant and orally disputed the amount of the debt.

11. On or about July 22, 2014, Mrs. Durham received a second letter from Defendant attempting to collect the debt. This time, Defendant demanded a balance $990.00. The letter further threatened Mrs. Durham with a lien on her property and potential foreclosure on her condominium unit.

12. On or about October 2, 2014, Defendant sent Mrs. Durham a third letter stating that it had filed a lien on her property.

13. On or about February 20, 2015, Mrs. Durham received another letter from Defendant stating that Defendant intended for foreclose on its lien on her home. The letter stated that if Defendant did not hear from her in ten days, Defendant would begin with its "Intent to Foreclose" process and it would add a charge of $1,495.00 to her account. Further, Defendant stated that the current amount past due on the alleged debt was now $1,925.00 and that if she did not pay it in ten days, the balance could grow to at least $3,420.00.

14. Defendant subsequently sent yet another letter to Mrs. Durham demanding $3,020.00 and stated that if she did not pay it in ten days, the balance could grow to at least $4,515.00.

15. On or about March 26, 2015, Defendant emailed Mr. and Mrs. Durham a letter demanding $3,555.00. The letter stated that if Plaintiffs pay this balance, "both Association accounts would be satisfied. This is the first time that Defendant ever mentioned two different association accounts. The Defendant offered a settlement to

3

Plaintiffs to make 12 payments of $436.25. However, this would equal $5,235.00, not $3,555.00. The letter further threatened foreclosure on Plaintiffs' condominium unit and it threatened Plaintiff's credit by stating, "Also note that liens and foreclosures are public records which can have a significant negative impact on your credit rating."

16. To date, Defendant has not yet foreclosed on Plaintiffs' home.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Mr. and Mrs. Durham are a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692g(a)(1)-(2) by failing to provide Mr. Durham with a written notice within five days of the initial communication containing the amount of the debt, and the name of the creditor to whom the debt is owed.

   b. 15 U.S.C. §1692g(a)(3) by failing to provide Mr. Durham with a written notice within five days of the initial communication with a statement stating, "Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the

4

debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

c. 15 U.S.C. §1692g(a)(4) by failing to provide both Mr. and Mrs. Durham with a statement stating that if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period that the debt, or any portion thereof is disputed, the debt collector would obtain verification of the debt or obtain a copy of a judgment against the consumer and a copy of such verification or judgment would be mailed to the consumer by the debt collector.

d. 15 U.S.C. §1692g(a)(5) by failing to provide both Mr. and Mrs. Durham with a written notice within five days of the initial communication with a statement stating "Upon the consumer's written request within the thirty-day period, the debt collector would provide the consumer with the name and address of the original creditor, if different from the current creditor."

e. 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

f. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant misrepresented the balance of the alleged debt many times in its letters that it sent Plaintiffs. In addition, Defendant misrepresented the amount due by Plaintiffs and that it was going to foreclose on their home when in fact, it had not.

g. 15 U.S.C. §1692e(5) by threatening take any action that cannot legally be taken or that is not intended to be taken. Defendant had no present right nor intention to foreclose on Plaintiffs' home.

5

    h. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false. Defendant did this when it threatened Mr. Durham's credit report in its letter it sent him dated March 26, 2015 after being informed that he disputed the alleged debt.

    i. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt.

    j. 15 U.S.C. §1692f(1) by attempting to collect amounts not due from the Plaintiffs.

22. Mr. and Mrs. Durham have suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFFS PRAY THAT THIS COURT** grant them damages in excess of $25,00,0 plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

25. Mr. and Mrs. Durham are a debtor as that term is defined in M.C.L. § 339.901(f).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

b. MCL §339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it failed to inform Mrs. Durham that she had to dispute the debt in writing. Defendant also did this when it misrepresented to Mr. and Mrs. Durham the various amounts of the alleged debt on several different occasions.

c. MCL §339.915(f)(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant did this when it threatened to foreclose as the next step in the collection process and not actually doing so.

d. MCL §339.915(f)(ii) by misrepresenting the legal rights of the debtor.

e. MCL §339.915(f)(iii) by misrepresenting that the nonpayment of a debt would result in the seizure, garnishment, attachment or sale of the debtor's property.

f. MCL §339.915n by using a harassing, oppressive, or abusive method to collect a debt.

27. Mr. and Mrs. Durham have suffered damages as a result of these violations of the Michigan Occupational Code.

28. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFFS PRAY THAT THIS COURT** grant them damages in excess of $25,000 plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

7

# COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

29. Plaintiff incorporates the preceding allegations by reference.

30. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

31. Mr. and Mrs. Durham are a "Consumer" as that term is defined at MCL § 445.251.

32. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

   b. MCL §445.252 (e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it failed to inform Mrs. Durham that she had to dispute the debt in writing.

   c. MCL §445.252 (f)(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant did this when it threatened to foreclose as the next step in the collection process and not actually doing so.

   d. MCL §445.252 (ii) by misrepresenting the legal rights of the debtor.

   e. MCL §445.252 (f)(iii) by misrepresenting that the nonpayment of a debt would result in the seizure, garnishment, attachment or sale of the debtor's property.

   f. MCL §445.252n by using a harassing, oppressive, or abusive method to collect a debt.

33. Mr. and Mrs. Durham have suffered damages as a result of these violations of the MCPA.

34. These violations of the MCPA were willful.

Received for Filing Oakland County Clerk 2015 APR 20 PM 02:14

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant them damages in excess of $25,000 plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

April 20, 2015

/s/ Gary D. Nitzkin
GARY D. NITZKIN   P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Received for Filing Oakland County Clerk 2015 APR 20 PM 02:14